# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

RICHARD D. DAVIS,          )
                                  )
            Petitioner,      )
                                  )
v.                               )     Case No. 4:16-CV-08000-BCW
                                  )
STAN PAYNE, [1]           )
Acting Warden of Potosi      )
Correctional Center,        )
                                  )
            Respondent.    )
                                  )

## OPINION AND ORDER

Before the Court is Richard D. Davis's Petition for Writ of Habeas Corpus (Doc. #21), Amended Petition for Writ of Habeas Corpus (Doc. #24), and Supplemental Petition for Writ of Habeas Corpus (Doc. #42). The Court, being duly advised of the premises, denies said petitions for relief.

## BACKGROUND

On July 31, 2008, Petitioner was convicted by a jury in the Circuit Court of Jackson County, Missouri, of twenty-five felony counts: one count of first-degree murder, Mo. Rev. Stat. § 565.020, two counts of kidnapping, Mo. Rev. Stat. § 565.110, two counts of felonious restraint, Mo. Rev. Stat. § 565.120, three counts of aggravated sexual abuse, Mo. Rev. Stat. § 566.100, nine counts of forcible sodomy, Mo. Rev. Stat. § 566.060, four counts of forcible rape, Mo. Rev. Stat. § 566.030, and four counts of first-degree assault, Mo. Rev. Stat. § 565.050.

---

[1] Stan Payne, Acting Warden of Potosi Correctional Center and Petitioner's current custodian, is substituted for Cindy Griffith as Respondent. Fed. R. Civ. P. 25(d).

The jury recommended Petitioner be sentenced to death on the first-degree murder conviction. The Court sentenced Petitioner in accordance with this recommendation. Petitioner was otherwise sentenced to life imprisonment on each of the remaining counts, except for two counts of aggravated sexual abuse, for which Petitioner was sentenced to fifteen years' imprisonment.

At the trial phase, Petitioner was represented by the Missouri State Public Defender System. Initially, non-capital counsel Curtis Winegarner and Timothy Burdick represented Petitioner. After October 16, 2006, the date of the State of Missouri's notice of intent to seek the death penalty, capital public defenders Thomas Jacquinot and Susan Elliot entered their appearances on Petitioner's behalf.[2]

Petitioner, through appellate public defender Deborah Wafer,[3] appealed the trial court's findings to the Missouri Supreme Court. The Missouri Supreme Court affirmed Petitioner's conviction and sentence on June 29, 2010 and issued its mandate on August 31, 2010. Missouri v. Davis, 318 S.W.3d 618 (Mo. 2010). Petitioner sought review of the Missouri Supreme Court decision to the Supreme Court of the United States, but Petitioner's petition for writ of certiorari was denied on March 7, 2011. Davis v. Missouri, 562 U.S. 1273 (2011).

On November 23, 2010, Petitioner filed a pro se motion for postconviction relief under Mo. Sup. Ct. R. 29.15. Public defenders Robert Lundt and Loyce Hamilton[4] were appointed to represent Petitioner for purposes of postconviction relief ("PCR"). PCR counsel filed an amended petition, with a pro se supplement, on March 1, 2011. On October 1, 2014, the trial court, after holding evidentiary hearings, denied Petitioner's PCR motion. (Doc. #24-1).

---

[2] For purposes of this order, the Court refers collectively to Winegarner, Burdick, Jacquinot, and Elliot as "trial counsel."
[3] For purposes of this order, the Court refers to Wafer as "direct appeal counsel."
[4] For purposes of this order, the Court refers to Lundt and Hamilton as "PCR counsel."

Petitioner appealed the denial of his PCR motion to the Missouri Supreme Court through public defender Kent Denzel.[5] On April 5, 2016, the Missouri Supreme Court affirmed the trial court's findings denying Petitioner's PCR motion. Davis v. Missouri, 486 S.W.3d 898 (Mo. 2016). The Missouri Supreme Court denied Petitioner's motion for rehearing on May 24, 2016.

On the same day, Petitioner filed a motion to proceed in forma pauperis in this Court. (Doc. #1). On June 2, 2016, the Court granted Petitioner's motion to proceed in forma pauperis in death penalty habeas action and appointed as Petitioner's counsel Jennifer Merrigan and Joseph Perkovich. 18 U.S.C. § 3599(a); (Docs. #3 & #4).

On May 24, 2017, Petitioner filed a petition for writ of habeas corpus (Doc. #21). Thereafter, Petitioner filed an amended petition (Doc. #24), and a supplemental petition (Doc. #42). On February 26, 2018, Respondent filed its opposition brief to Petitioner's filings. (Doc. #52). On November 9, 2018, Petitioner filed a traverse. (Doc. #61).

Petitioner asserts twelve broad grounds for habeas relief, as follows:

**Ground 1:** Trial counsel labored under a conflict of interest against Petitioner, in violation of his right to effective assistance of counsel under the 6th and 14th Amendments.

**Ground 2:** Trial counsel defaulted the opportunity to establish Petitioner was incompetent to stand trial, in violation of Petitioner's right to effective assistance of counsel under the 6th and 14th Amendments.

**Ground 3:** The trial court, through misstatements of law, violated Petitioner's right to proceed pro se in violation of the 5th, 6th, and 14th Amendments, and Faretta v. California, 422 U.S. 806 (1975).

---

[5] For purposes of this order, the Court refers to Denzel as "PCR appellate counsel."

**Ground 4:**  Trial counsel failed to object to the trial court's misstatements of law, in violation of Petitioner's right to effective assistance of counsel under the 6th and 14th Amendments.

**Ground 5:**  Trial counsel provided ineffective assistance during the guilt phase of Petitioner' trial, in violation of Petitioner's right to effective assistance of counsel under the 6th and 14th Amendments.

**Ground 6:**  Trial counsel erroneously restricted Petitioner's right to testify during the guilt phase of the trial, in violation of Petitioner's right to effective assistance of counsel under the 6th and 14th Amendments.

**Ground 7:**  Trial counsel failed to investigate, develop, and present compelling evidence during the penalty phase of Petitioner's trial, in violation of Petitioner's right to effective assistance of counsel under the 6th, 8th, and 14th Amendments.

**Ground 8:**  Trial counsel failed to offer adequate mitigation evidence in response to the State's aggravators evidence during the penalty phase of Petitioner's trial, in violation of Petitioner's right to effective assistance of counsel.

**Ground 9:**  Instances of prosecutorial misconduct, individually and collectively, violated Petitioner's rights under the 5th, 6th, 8th, and 14th Amendments.

**Ground 10:**  The trial court erred in declining to order that certain parts of Petitioner's trial be transcribed for adequate review on direct appeal and post-conviction proceedings, and trial counsel was ineffective for failing to ensure the entirety of the trial transcript was transcribed, in violation of Petitioner's right to effective assistance of counsel under the 6th and 14th Amendments.

**Ground 11:** The trial court erred in denying Petitioner's motion to strike juror Adam Powell for cause, and trial counsel was ineffective for failing to use a peremptory strike against Powell, in violation of Petitioner's right to effective assistance of counsel under the 6th and 14th Amendments.

**Ground 12:** Direct appeal counsel failed to raise plainly meritorious claims in the direct appeal of Petitioner's conviction and sentence to the Missouri Supreme Court, in violation of Petitioner's right to effective assistance of counsel under the 14th Amendment.

## LEGAL STANDARD

A prisoner in state custody may petition a federal court for a writ of habeas corpus "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

"Sections 2254(b) and (c) provide that a federal court may not grant such applications unless, with certain exceptions, the applicant has exhausted state remedies." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d) sets forth an additional limit "[i]f an application includes a claim that has been adjudicated on the merits in State court proceedings." Id.

A federal court may not grant habeas relief on a claim that has been ruled on the merits by a state court unless one of the two conditions are present:

(1) the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Epkins v. Norman, No. 4:11 CV 1546 DDN, 2014 WL 51353, at *4-*5 (E.D. Mo. Jan. 7, 2014) (citing 28 U.S.C. § 2254(d)(1)-(2)).

Regarding the first circumstance under which a federal court might grant relief under § 2254, a state court decision is contrary to clearly established federal law if it sets forth a conclusion that is opposite of that reached by the Supreme Court of the United States on a question of law. Thaler v. Haynes, 130 S. Ct. 1171, 1174 (2010). A state court decision is also contrary to clearly established federal law if the state court "decides a case different than the [Supreme] Court on a set of materially indistinguishable facts." Epkins, 2014 WL 51353, at *5 (citing id.). Additionally, a state court decision involves an unreasonable application of clearly established federal law where "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts" presented under the circumstances of the petitioner's case. Id.

Regarding the second circumstance under which a federal court might grant relief under § 2254, a federal court finding the state court's decision to be based on an unreasonable determination of the facts must adhere to the following premises: (1) the state court's factual findings are presumed correct; (2) the federal court's review is limited to the record before the state court that adjudicated the claim on its merits; and (3) habeas relief is proper only if the petitioner presents "[c]lear and convincing evidence that [the state court's] factual findings lack evidentiary support." Id. (citing 28 U.S.C. § 2254(e)(1); Wood v. Allen, 240 S. Ct. 841, 845 (2010)).

Under the AEDPA, a federal court may "exercise only limited and deferential review of underlying State court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). A § 2254 petitioner may obtain federal habeas relief only if he or she shows "that the challenged State court ruling rested on an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Boyd v. Steele, No. 4:13CV257 CDP, 2016 WL 880389, at *2 (E.D. Mo. Mar. 6, 2016) (citing Metrish v. Lancaster, 133 S. Ct. 1781, 1786-87 (2013) (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011))).

## ANALYSIS

Petitioner's claims fall into one of three categories: (1) ineffective assistance of counsel;[6] (2) trial court error;[7] and (3) prosecutorial misconduct.[8] Respondent argues none of Petitioner's claims, under the applicable standards implicated by these categories, entitle Petitioner to relief, or even an evidentiary hearing under § 2254.

### A.  Petitioner's claims are timely filed.

A federal court may only consider a timely petition for relief. Cross-Bey v. Gammon, 322 F.3d 1012 (8th Cir. 2003). A petition for writ of habeas corpus must be filed within one year of final judgment by the state court. 28 U.S.C. § 2244(d)(1). The limitations period is triggered by the latest of four events: (1) the date on which the judgment became final by conclusion of direct review; (2) the date on which the impediment to filing is removed; (3) the date on which the constitutional right asserted was recognized and made retroactive; and (4) the date on which the factual predicate was discoverable through due diligence. 28 U.S.C. § 2244(1)(A)-(D). "Section 2244(d)(2) specifies that this limitations period does not include the time during which a properly

---

[6] Grounds 1, 2, 4, 5, 6, 7, 8, 10 in part, 11 in part, and 12
[7] Grounds 3, 10 in part, and 11 in part
[8] Ground 9

filed application for state collateral review is pending in the state courts." Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006) (citing 28 U.S.C. § 2244(d)(2)). State collateral review is considered "pending," until final resolution through state procedures. Id. (citing Carey v. Saffold, 536 U.S. 214 (2002).

In this case, the Missouri Supreme Court denied rehearing and entered its mandate on Petitioner's PCR appeal on May 24, 2016. Petitioner filed the instant habeas petition exactly a year later, on May 24, 2017. Petitioner's habeas petition is thus timely filed on the last day of the limitations period. Payne, 441 F.3d at 571. Further, the Court considers Petitioner's amended and supplemental petitions as relating back to the original petition. Fed. R. Civ. P. 15(c).

**B.      Petitioner has exhausted state remedies.**

"Sections 2254(b) and (c) provide that a federal court may not grant such applications [for habeas relief] unless, with certain exceptions, the applicant has exhausted state remedies." Cullen, 563 U.S. at 181. The exhaustion requirement is met if the petitioner "has either fairly presented his claims first in state court, or if there are no currently available non-futile state remedies." Smith v. Bowersox, No. 4:04CV00074 RWS (FRB), 2007 WL 748462, at *4 (E.D. Mo. Mar. 7, 2007) (citing Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988)). If the petitioner demonstrates exhaustion through either of these means, the federal court "still may not reach the merits of the petitioner's claim unless the petitioner: (1) demonstrates adequate cause to excuse his state court default, and actual prejudice resulting from the alleged unconstitutional error; or (2) that a fundamental miscarriage of justice would occur in the absence of federal review." Smith, 2007 WL 748462, at *4 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

Respondent does not dispute Petitioner has exhausted his available state remedies, and the claims not fairly presented to the state courts are procedurally barred under Missouri law. State ex rel. Simmons v. White, 866 S.W.2d 443, 445-46 (Mo. 1993).

### 1. **Martinez** **may apply to excuse procedural default for Petitioner's ineffective assistance claims.**

Generally, "[a] claim is procedurally defaulted if a habeas petitioner failed to raise it in state proceedings." Wooten v. Norris, 578 F.3d 767, 777 (8th Cir. 2012). A petitioner's failure to fairly present the substance of each asserted federal ground to the trial and appellate courts at the state level, including following all state procedural rules for presenting a federal claim to the state courts, results in a procedural bar to the federal court's consideration of that claim. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997); Coleman, 501 U.S. at 750.

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997).

Under certain circumstances, procedural default may be excused, "and open the door to federal review of an applicant's otherwise defaulted claim." Wooten, 578 F.3d at 777. "Similarly, if some impediment external to the applicant is responsible for the omissions in the state-court factual record or if the applicant can show cause and prejudice regarding the omissions, federal courts may grant an evidentiary hearing on the merits." Id. (citing Williams v. Taylor, 529 U.S. 420, 431-32 (2000)).

A petitioner can overcome a claim's procedural default upon demonstration of "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or a fundamental

miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750. Under <u>Coleman</u>, "ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default." <u>Wooten</u>, 578 F.3d at 778 (citing <u>Coleman</u>, 501 U.S. 752-55).

In <u>Martinez v. Ryan</u>, the Supreme Court considered "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." 566 U.S. 1, 4 (2012). The holding in <u>Martinez</u> creates an exception to a procedural default, as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

<u>Id.</u> at 17. In sum, a habeas petitioner may show cause to excuse the procedural default of a claim for ineffective assistance of trial counsel if state law allows the claim for the first time on collateral review,[9] and petitioner demonstrates: (1) post-conviction counsel was ineffective under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); and (2) the otherwise defaulted claim of ineffective assistance of trial counsel under <u>Strickland v. Washington</u> "is a substantial one," meaning that the claim of ineffective assistance of trial counsel has some merit. <u>Martinez</u>, 566 U.S. at 14.

### C. Petitioner's claims of ineffective assistance asserted in Grounds 1, 2, 3, 4, 5, 6, 7, 8, 10 in part, 11 in part, and 12 are denied.

Petitioner's Grounds 1, 2, 3, 4, 5, 6, 7, 8, 10 in part, and 11 in part argue Petitioner is entitled to § 2254 relief based on ineffective assistance of trial counsel. Petitioner's Ground 12 also asserts a claim for ineffective assistance of direct appeal counsel. In opposition, Respondent

---

[9] Claims of ineffective assistance of trial counsel cannot be asserted on direct appeal. <u>Missouri v. Taylor</u>, 1 S.W.3d 610, 612 (Mo. Ct. App. 1999).

argues none of these claims for ineffective assistance are substantial, such that Martinez may not apply to excuse procedural default.

A claim for ineffective assistance of counsel arising under the 6th and 14th Amendments is assessed under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To establish a right to relief under Strickland, a petitioner must show the following: (1) deficient performance; and (2) prejudice. 466 U.S. at 688.

Counsel's representation is considered deficient if it falls below an "objective standard of reasonableness." Id. Counsel has "a duty to bear such skill and knowledge as will render the proceeding a reliable adversarial testing process." Strickland, 466 U.S. at 688. The requisite skills include knowledge of the law; "[a]n attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance . . . ." Hinton v. Alabama, 134 S. Ct. 1081, 1089 (2014).

"To establish prejudice, the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Kyles v. Whitley, 514 U.S. 419, 434 (1995).

The same general standards apply to appellate counsel: "where there is a reasonable probability that the neglected claims would have succeeded on appeal . . . counsel's failure to raise the claim falls outside the range of reasonably competent assistance." Claudio v. Scully, 982 F.2d 798, 799 (2d Cir. 1992).

### 1.    Ground 1:    Conflict of interest

Petitioner argues ineffective assistance based on an asserted conflict of interest arising from his trial counsel's representation of another individual, which undermined Petitioner's relationship with counsel in light of Petitioner's known mental health issues. Respondent argues, first, this claim is procedurally defaulted. Second, Respondent argues this argument is predicated on a determination of Petitioner's legal incompetence, which is contrary to the state court's determination that Petitioner was competent to stand trial.

Petitioner presented the issue of a "broken relationship" with counsel to the PCR court. The PCR court rejected this issue on the basis that Petitioner did not provide factual support for the claim. (Doc. #24-1 at 506). While Petitioner appealed the PCR ruling, appellate counsel did not ask the Missouri Supreme Court to consider whether the PCR court erred in denying Petitioner's claim that was premised on a broken relationship with counsel, and/or any other alleged conflict of interest. (Doc. #24-1 at 1207-16).

Section 2254(c) requires that a state court have a fair opportunity to consider a petitioner's claims for violation of federal law. Castille v. Peoples, 489 U.S. 346, 349-50 (1989). A state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Because Petitioner did not present this claim of conflict of interest and/or broken relationship with counsel during appellate review of the denial of his PCR motion, this claim is procedurally defaulted.

Petitioner argues, notwithstanding, Martinez applies to excuse procedural default on the issue of trial counsel's conflict of interest. However, Martinez is a narrow exception that applies

in instances of ineffective assistance of PCR counsel. In this case, Petitioner essentially asks the Court to extend <u>Martinez</u> to excuse procedural default based on ineffective assistance of appellate PCR counsel. The Court declines to extend <u>Martinez</u> to excuse procedural default relating to instances of ineffective assistance of PCR counsel. However, for the sake of discussion, the Court considers whether Petitioner has made a substantial showing of ineffective assistance of trial counsel based on a conflict of interest.

"The Sixth Amendment right to counsel embraces the right to conflict-free counsel." <u>Dawan v. Lockhart</u>, 31 F.3d 718, 720-21 (8th Cir. 1994). Generally, the issue of conflict of interest arises in circumstances where more than one defendant, in the same case, is represented by the same counsel or office. <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 348 (1980); <u>Holloway v. Arkansas</u>, 435 U.S. 475, 481-84 (1978). "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." <u>Cuyler</u>, 446 U.S. at 1718. An actual conflict of interest is one which requires the active "representat[ion] of conflicting interests . . . ." <u>Id.</u> "Thus, a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." <u>Id.</u> (citing <u>Holloway</u>, 435 U.S. at 487-91).

In this case, Petitioner asserts trial counsel harbored a conflict of interest against Petitioner, which affected the adequacy of counsel's representation, such that prejudice is assumed. However, from the Court's review of the record, the specific conflict at issue is not set forth in any meaningful way. Petitioner argues trial counsel labored under a conflict of interest because difficulties in working with Petitioner, due to his mental illness, undermined trial counsel's ability to represent Petitioner's interests. In the absence of legal authority to bolster this assertion and/or evidence to identify the specific asserted conflict, the Court concludes Petitioner has not

demonstrated that an actual conflict of interest affected trial counsel's representation. As a result, Petitioner has not shown a substantial claim of ineffective assistance with respect to trial counsel, and in turn, cannot establish ineffective assistance with respect to PCR counsel, appellate or otherwise. Consequently, <u>Martinez</u> does not provide an exception to procedural default under these circumstances, and the Court may not consider the merits of this claim. Ground 1 is denied.

### 2. Ground 2: Failure to challenge competency

Petitioner argues ineffective assistance because trial counsel failed to timely raise, and/or investigate, the issue of Petitioner's lack of legal competence to stand trial. Respondent argues this claim is procedurally defaulted, and if it is not, the Missouri Supreme Court's finding of competence for trial on PCR review is entitled to deference.

The Missouri Supreme Court considered, on PCR appeal, whether trial counsel was ineffective for failing to present testimony from Dr. Logan to present the issues of Petitioner's lack of competence to stand trial and/or diminished capacity. The Missouri Supreme Court concluded Petitioner did not demonstrate that but for trial counsel's failure to present testimony from Dr. Logan, Petitioner would have been found incompetent and/or would have received a different sentence.

Because Petitioner raised the issue of competency, at least as it relates to trial counsel's failure to present evidence from Dr. Logan, to the state courts, this aspect of the claim is not procedurally defaulted, and is not procedurally defaulted. By contrast, to the extent Petitioner argues ineffective assistance based on trial counsel's failure to timely challenge Petitioner's competency according the schedule set by the trial court, and/or otherwise attempt to challenge Petitioner's competency out of time, Petitioner's claim is procedurally defaulted. The Court thus

considers whether <u>Martinez</u> might apply to excuse procedural default with respect to the timing aspects of the instant claim for ineffective assistance.

Even if, for purposes of determining whether procedural default is excused on these aspects of Petitioner's claim, the Court cannot conclude Petitioner's claim of ineffective assistance against trial counsel is substantial. Petitioner cannot establish the prejudice prong of <u>Strickland</u> because the Missouri Supreme Court determined Petitioner did not demonstrate he was not competent to stand trial. <u>Davis v. Missouri</u>, 486 S.W.3d 898, 909-12 (Mo. 2016). Therefore, because Petitioner does not present a substantial claim of ineffective assistance of trial counsel on timing aspects of this claim, <u>Martinez</u> does not apply to excuse procedural default, and this portion of the claim is denied.

Regarding the portion of this ineffective assistance claim that is not procedurally defaulted, the Missouri Supreme Court found Petitioner did not demonstrate that but for trial counsel's failure to establish incompetence through Dr. Logan, the result of the trial proceedings would have been different. The Court, having reviewed the record, concludes the Missouri Supreme Court does not involve an unreasonable application of federal law or a decision based on an unreasonable determination of the facts. This point is denied.

### 3. Ground 4: Failure to object

Petitioner argues ineffective assistance based on counsel's failure to object to the trial court's statements relating to Petitioner's right to proceed pro se at trial. Respondent argues this claim is procedurally defaulted, and to the extent it is not, Petitioner cannot show a substantial claim of ineffective assistance such that <u>Martinez</u> might apply to excuse the default.

Consistent with the subsequent discussion below, this Court defers to the Missouri Supreme Court's determination that no <u>Faretta</u> violation occurred relative to the trial court

statements about the resources available should Petitioner decide to represent himself. Consequently, Petitioner has not demonstrated a substantial instance of ineffective assistance on the part of trial counsel, and the <u>Martinez</u> exception to procedural default does not apply to this claim. Petitioner's claim of ineffective assistance based on a failure to object to the trial court's asserted misstatements of law about Petitioner's rights if he proceeded pro se are procedurally defaulted. This point is denied.

### 4. Ground 5: Failure to present adequate guilt-phase evidence

Petitioner challenges trial counsel's presentation of evidence during the guilt phase of Petitioner's trial under <u>United States v. Cronic</u>, 466 U.S. 648, 655-56 (1984), arguing trial counsel's defense at trial was so deficient as to amount to a constructive denial of counsel, specifically with respect to Petitioner's mental state. Respondent argues this claim is procedurally defaulted, and to the extent it is not, the Missouri Supreme Court is entitled to deference.

As mentioned above, Petitioner presented, and the Missouri Supreme Court rejected, claims of ineffective assistance for trial counsel's failure to: (i) present evidence through Dr. Logan of Petitioner's legal incompetence to stand trial during the guilt phase; (ii) present a diminished capacity defense owing to Dr. Logan's diagnosis of bipolar I disorder during the penalty phase. While the instant <u>Cronic</u> claim overlaps aspects of the claims presented on PCR review, Petitioner seeks relief based on an asserted overarching failure of trial counsel to defend Petitioner against the charges against him. Because Petitioner did not present the same theory of PCR relief for review at the state level, Petitioner's <u>Cronic</u> claim is procedurally defaulted. However, the Court considers whether <u>Martinez</u> might operate to excuse procedural default.

The dispositive issue to apply <u>Martinez</u> is whether Petitioner's trial counsel was ineffective for their guilt phase presentation at trial, such that PCR counsel was ineffective for failure to present a <u>Cronic</u> claim. 566 U.S. at 17.

There is no requirement that PCR counsel raise every non-frivolous claim; rather, counsel should rely on his or her professional judgment to focus on the most important issues. <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983). On PCR review, counsel presented claims for ineffective assistance of trial counsel based on the failure to present evidence of Petitioner's inability to form the requisite state of mind to commit first degree murder. The Missouri Supreme Court rejected these claims.

A <u>Cronic</u> claim does not require a separate showing of prejudice; rather, prejudice is assumed based on deficient performance so egregious that it is equivalent to no assistance of counsel at all. <u>Id.</u> PCR counsel's failure to make such a claim, wherein prejudice is assumed, in favor of several claims of ineffective assistance of counsel under <u>Strickland</u> wherein prejudice is not a foregone conclusion, suggests counsel's assessment that a <u>Cronic</u> ineffective assistance claim had a lesser chance for success than the claims ultimately presented on PCR review. Because the Missouri Supreme Court rejected each of PCR counsel's claims of ineffective assistance of counsel under <u>Strickland</u>, it is not reasonable to expect the Missouri Supreme Court would have granted relief under <u>Cronic</u>. Moreover, trial counsel's decisions relating to trial strategy, like what evidence to present, are "virtually unchallengeable." <u>Strickland</u>, 466 U.S. at 689. Therefore, the Court declines to find ineffective assistance of counsel on the grounds that PCR counsel did not present a <u>Cronic</u> claim to the state court, and <u>Martinez</u> does not apply. This point is procedurally defaulted and denied.

5.     **Ground 6:     Failure to protect right to testify**

Petitioner argues ineffective assistance based on trial counsel's failure to protect Petitioner's right to testify in his own defense during the trial's guilt phase. Petitioner argues the record suggests Petitioner wanted to testify but was improperly discouraged from doing so by the trial court, and trial counsel was ineffective in failing to object to the misstatements of law and protect Petitioner's interests. Respondent relies on Petitioner's concession that this theory was not raised in association with Petitioner's PCR appeal, though PCR appellate counsel ask the Missouri Supreme Court to review for plain error whether the trial court erred in discussing Petitioner's right to testify.

Petitioner concedes PCR counsel did not assert a claim of ineffective assistance relating Petitioner's right to testify at trial in seeking review of the denial of PCR relief; rather, the PCR appeal sought plain error review of the trial court's statements. Because this claim was not presented in the initial PCR motion, this claim is procedurally defaulted. Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996).

Petitioner argues Martinez excuses procedural default of this ineffective assistance claim. The Court thus considers whether Petitioner has demonstrated a substantial claim of ineffective assistance of trial counsel.

A criminal defendant has a constitutional right to testify in his or her own defense. Frey v. Schuetzle, 151 F.3d 893, 897-98 (8th Cir. 1998). Only the defendant, and not the court or counsel, can waive that right. Id. A defendant's waiver of the right to testify must be knowingly and voluntarily made. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The Court may, however, impose reasonable restrictions on a defendant's right to testify, like limiting the format of defendant's testimony. State v. Couch, 256 S.W.3d 64 (Mo. 2008) (requiring question and answer

format of testimony is constitutional). Further, counsel may, without violating a defendant's right, advise him or her against testifying as a matter of reasonable trial strategy. <u>Whitfield v. Bowersox</u>, 324 F.3d 1009, 1016-17 (8th Cir. 2003).

In this case, Petitioner argues although Petitioner waived his right to testify at trial, the record demonstrates the trial court unconstitutionally discouraged him from taking the stand, and colluded with the defense team to discourage Petitioner from testifying. To the contrary, however, the record suggests that while Petitioner repeatedly indicated a desire to be heard, Petitioner did not wish to have his testimony limited to his answering questions posed by trial counsel. A criminal defendant's constitutional right to testify does not include the right for the defendant to talk directly to the jury without any confines imposed by the court. <u>Couch</u>, 256 S.W.3d at 64. Consequently, the Court cannot find trial counsel was ineffective for failing to object or otherwise act better protect Petitioner's right to testify. Because <u>Martinez</u> does not excuse the procedural default of this claim, this Court may not consider this claim's merits and the point is denied.

### 7.     Ground 7:     Failure to present adequate penalty-phase evidence

Petitioner argues ineffective assistance based on trial counsel's failure to investigate and present compelling evidence during the penalty phase of Petitioner's trial. Petitioner identifies the following specific instances of ineffective assistance of trial counsel during the penalty phase: (1) unreasonably deficient investigation; (2) unreasonably deficient presentation of mitigators; (3) failure to develop evidence of multi-generational familial sexual abuse, trauma, sexual dysregulation, violence, and chaos; (4) unreasonably deficient presentation of Petitioner's physical, emotional, and sexual abuse, including preparing Petitioner to testify; (5) unreasonably deficient development and presentation of Petitioner's abuse as an adult inmate; (6) unreasonably deficient development of mental health evidence and preparation of mental health experts Drs.

Mandracchia and Logan; (7) failure to call a prison conditions expert; (8) failure to redact witness interview memos; and (9) failure to consult Petitioner about his penalty phase testimony. Respondent concedes these issues, or at least some variation thereof, were raised during Petitioner's PCR proceedings.

Construing Petitioner's PCR petition broadly, each of these issues were presented to, and rejected by the state court, such that they are not procedurally defaulted. Based on the parties' arguments and the record with respect to each of the evidentiary deficiencies asserted, the Court finds no basis for the conclusion that the determinations of the Missouri Supreme Court on these points are contrary to, or involved an unreasonable application of federal law, or resulted in a decision that is based on an unreasonable determination of the facts. Petitioner is not entitled to relief based on trial counsel's penalty phase presentation and this point is denied.

### 8.     Ground 8:     Failure to answer aggravators

Petitioner argues ineffective assistance for trial counsel's failure to object testimony from Tammy Butler and Mickey Bryant that amounted to improper victim impact evidence, and failure to otherwise present mitigation evidence in opposition to the State's aggravating evidence.

While PCR counsel raised issues of ineffective assistance during the penalty phase of Petitioner's trial, none of the claims for ineffective assistance at the PCR stage relate to Petitioner's co-defendant sexually abusing her own children and/or counsel's failure to present Petitioner's history as a victim of sadistic sexual abuse. Thus, these claims are procedurally defaulted unless Martinez excuses default in equity.

Procedural default of this claim is excused under Martinez only upon a showing that PCR counsel was ineffective for failing to argue trial counsel was ineffective for, during the penalty phase, failing to present an adequate mitigation case. With respect to evidence of Petitioner's co-

defendant's sexual abuse of minors, Petitioner and his co-defendant were both involved in the sexual abuse of a minor immediately before their arrest. The minor child's father testified during the penalty phase. Trial counsel's failure to present evidence of Petitioner's girlfriend's history of sexual abuse of minors alongside testimony from the father of a minor child who Petitioner and his co-defendant girlfriend both sexually victimized is not a decision that falls below an objective standard of reasonableness under Strickland. Additionally, ineffective assistance of trial counsel may not rest in counsel's failure to adduce cumulative evidence; trial counsel presented evidence of Petitioner's history as a victim of sexual abuse at trial. Forrest v. Steele, 764 F.3d 848, 857 (8th Cir. 2014) (failure to present cumulative evidence is not deficient performance). Consequently, Petitioner has not demonstrated a substantial claim of ineffective assistance of trial counsel, such that Martinez does not provide an avenue to excuse procedural default. This point is denied.

### 9.   Ground 10:   Failure to ensure a complete record

Petitioner argues ineffective assistance based on trial counsel's failure to ensure that the entirety of the trial court proceedings was transcribed and available for appellate and post-conviction review. Petitioner specifically points to the lack of transcriptions of the trial court reading the jury instructions, jury polling, the first three days of jury selection, and certain bench conferences. Respondent argues this claim is procedurally defaulted and, even if Martinez provides an exception, this claim lacks merit.

This claim of ineffective assistance for counsel's failure to object to the lack of and/or insist upon a complete transcript was not presented to the state court during PCR review. Therefore, this claim of ineffective assistance is procedurally defaulted unless, as Petitioner asserts, the Martinez exception applies. This Court may consider the merits of this ineffective assistance argument if

PCR counsel was ineffective for not arguing trial counsel was ineffective for failing to ensure a complete trial record.

"[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." Becht v. United States, 403 F.3d 541, 547 (8th Cir. 2005). "A narrow class of errors – defects affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself – are considered structural errors that require automatic reversal" Id. Structural errors include "complete denial of counsel, a biased judge, racial discrimination in jury composition, denial of a public trial, and a defective jury instruction on the reasonable-doubt standard of proof." Id. (citing Neder v. United States, 527 U.S. 1, 8 (1999). "A constitutional error is either structural or it is not." Id.

To the extent Petitioner argues he is entitled to relief due to structural error owing to a lack of complete transcript, this claim is procedurally defaulted. Martinez applies to excuse procedural default only if PCR counsel, both appellate and otherwise, were ineffective for failing to raise the issue of structural error based on an incomplete transcript to the state courts. Under the circumstances presented in this case, Petitioner cannot establish the prejudice element of the Strickland standard. Petitioner asserts an inability to determine whether or how he was prejudiced by counsel's ineffective assistance at the PCR stage because the record does not provide a complete view of every aspect of the trial; however, the Court may not grant habeas relief on the asserted possibility that a constitutional error occurred. Based on Petitioner's arguments that the aspects of the trial that were not transcribed could potentially underpin a claim for ineffective assistance, without presentation of any actual prejudice, the Court finds Petitioner has not set forth a

substantial claim of ineffective assistance as required by <u>Martinez</u>. Therefore, this claim is procedurally defaulted and is denied.

### 10. Ground 11: Failure to strike Adam Powell

Petitioner argues ineffective assistance against trial counsel for failure to use a peremptory strike against juror Adam Powell. Respondent argues this claim is procedurally defaulted to the extent Petitioner asserts ineffective assistance, and even if <u>Martinez</u> applies to excuse procedural default, Petitioner is not entitled to relief because the Missouri Supreme Court found on direct appeal that the trial court did not err in denying trial counsel's motion to strike Powell for cause, and this finding is entitled to deference.

On direct appeal, counsel argued the trial court erred in denying defense counsel's motion to strike Powell for cause. As discussed in more depth below, the Missouri Supreme Court considered and rejected the argument. Petitioner's PCR counsel at the circuit or appellate level did not asset a claim relating to Powell's presence on the jury. Therefore, the ineffective assistance argument relating to counsel's failure to use a peremptory strike against Powell is procedurally defaulted. Petitioner does not argue, and the Court does not find, that <u>Martinez</u> applies to excuse procedural default with respect to this argument. This point is denied.

### 11. Ground 12: Ineffective assistance against direct appeal counsel

Petitioner sets forth three assertions of ineffective assistance with respect to direct appeal counsel: (1) failure to raise conflict of interest; (2) failure to raise the issue of an incomplete transcript; and (3) failure to raise the issue of the trial counsel's misstatements with respect to Petitioner's right to proceed pro se.

Petitioner did not raise claims of ineffective assistance with respect to his direct appeal counsel in his PCR motion, nor on appellate review of the PCR motion. Therefore, because the

state court did not have the opportunity to consider Petitioner's claim of ineffective assistance against direct appeal counsel, this claim is procedurally defaulted. O'Sullivan, 526 U.S. at 845.

Although Petitioner argues Martinez provides for an exception to procedural default in the context of claims for ineffective assistance, the Eighth Circuit has found the Martinez exception to procedural default is limited to claims of ineffective assistance relative to trial counsel only. Dansby v. Hobbs, 766 F.3d 809, 833 (2014) (collecting cases). Moreover, even if Martinez did allow the Court to review Petitioner's ineffective assistance claims relative to direct appeal counsel, the record does not establish ineffective assistance with respect to trial counsel with respect to the three factual predicates set forth. Ground 12 is denied.

### D. Petitioner's claims of trial court error alleged in Grounds 3, 10, and 11 are denied.

In Grounds 3, 10, and 11, Petitioner argues he is entitled to relief under § 2254 due to error on the part of the state court trial judge. In Ground 3, Petitioner argues the trial judge coerced him into waiving his right to self-representation through misstatements of the law. In Count 10, Petitioner asserts the trial court judge erred in failing to ensure that the entirety of the state trial court proceedings were transcribed for purposes of a complete record. In Count 11, Petitioner argues the trial court judge erred by denying counsel's motion to strike for cause juror Adam Powell.[10]

### 1. Ground 3: Misstatements leading to waiver under Faretta

Petitioner argues trial counsel coerced him into waiving his right to represent himself in violation of the 5th, 6th, and 14th Amendments, and Faretta v. California, 422 U.S. 806, 835 (1975). Petitioner specifically identifies three trial court statements which misled Petitioner into proceeding with his appointed trial counsel, Thomas Jacquinot and Susan Elliot, as follows: (1)

---

[10] The dimensions of Grounds 3, 10, and 11 that argue ineffective assistance of counsel are discussed separately.

under the Missouri Supreme Court rules, the trial court was required to appoint standby counsel; (2) the trial court would appoint, as standby counsel, Petitioner's existing counsel; and (3) in the event Petitioner exercised his right to represent himself at trial, the trial court lacked the authority to allocate resources to assist Petitioner in defending himself. Petitioner argues the Missouri Supreme Court's decision on this claim is not entitled to deference because although the Missouri Supreme Court considered whether a <u>Faretta</u> violation occurred, the Missouri Supreme Court failed to consider whether "the trial court's misstatements regarding its authority to order the relief sought . . . ." violated Petitioner rights.

Respondent argues this claim is procedurally defaulted with respect to the first two misstatements by the trial court. With respect to the third misstatement by the trial court, Respondent argues the Missouri Supreme Court's findings on this misstatement are entitled to deference.

The Court first considers whether Petitioner has demonstrated exhaustion of state remedies for this claim. To the extent the first two misstatements are asserted as independent grounds for relief based on trial court error, this claim is procedurally defaulted. Petitioner argues, however, the first two misstatements represent factual underpinnings illustrating how Petitioner's waiver of the right to represent himself was not made knowingly and with full information, such that the trial court's statements amounted to coercion in violation of Petitioner's rights.

Petitioner's direct appeal counsel raised, and the Missouri Supreme Court denied, Petitioner's claim of error on the trial court's misstatement that resources would only be available to Petitioner if he continued to be represented by appointed counsel. The Court thus finds this claim fairly presented at the state level, such that the exhaustion requirement is met.

The second issue is whether habeas relief is appropriate under § 2254(d). This Court must determine whether the adjudication of the Missouri Supreme Court resulted in decision that is contrary to Supreme Court precedent, or whether the adjudication is based on an unreasonable determination of the facts. 28 U.S.C. §2254(d).

Petitioner argues the decision of the Missouri Supreme Court is not entitled to deference because the Missouri Supreme Court failed to address whether Petitioner's rights were violated under <u>Faretta</u> when the trial court misstated its authority to order resources for Petitioner if he decided to proceed pro se.

In the Court's view, Petitioner seeks to create a distinction without a difference. Petitioner argues the Missouri Supreme Court considered whether the trial court's misstatement about the resources available to a pro se defendant violated <u>Faretta</u>; as opposed to considering whether the trial court's misstatement about the court's authority to make resources available to a pro se defendant violated <u>Faretta</u>. The Court thus defers to the decision of the Missouri Supreme Court and declines to disturb the determination that the trial court's colloquy met the requirements of <u>Faretta</u>. Ground 3 is denied with respect to the assertion of trial court error.

## 2. Ground 10: Trial court's failure to ensure a complete record

Petitioner asserts a right to relief on the basis that the trial court failed to order the entirety of the trial court record be transcribed. Specifically, Petitioner argues the trial court erred in ensuring a complete record for adequate review because the trial transcript lacks the first three days of jury selection, the jury instructions, numerous bench conferences, and jury polling. Respondent argues this claim is procedurally defaulted.

Petitioner argues the incomplete trial record in this case amounts to structural error. A structural error is one that "affect[s] the framework within which the trial proceeds," as opposed

to an error in the trial process. <u>Arizona v. Fulminante</u>, 499 U.S. 279, 310 (1991). This Court, however, may not consider the merits of Petitioner's claim relative to the trial court's failure to ensure a complete record because the substance of this claim was not fairly presented to the state courts. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). Because this claim is procedurally defaulted to the extent it alleges error by the trial court, no hearing is necessary, and Ground 10 is denied.

### 3.    Ground 11:    Trial court's failure to strike juror for cause

Petitioner argues his rights under the 6th and 14th Amendments were denied by the trial court based on the trial court's denial of the defense's motion to strike for cause juror Adam Powell. Respondent argues the Missouri Supreme Court's rejection of this claim was not contrary to, or a reasonable application of, clearly established federal law.

During trial, the defense moved to strike Powell for cause, arguing Powell essentially said he could not "give meaningful consideration to things such as childhood experiences as a reason to vote against the death penalty for an adult murderer," such that Powell's ability to consider a life sentence as opposed to capital punishment was substantially impaired. The trial court denied the motion to strike for cause finding Powell's answers during voir dire did not demonstrate an inability to be fair and impartial. Powell served as the jury's foreperson.

The Missouri Supreme Court considered this claim on direct appeal and found no abuse of discretion in the trial court's ruling that Powell's statements indicated he could be fair and impartial.

The right to a jury trial includes the right to an impartial jury. <u>Irvin v. Dowd</u>, 366 U.S. 717, 721-22 (1961). In the context of a capital case, an impartial jury is one not "uncommonly willing to condemn a man to die." <u>Witherspoon v. Illinois</u>, 391 U.S. 510, 521 (1968). An impartial juror

is one who can give meaningful consideration to mitigation evidence. <u>Boyde v. California</u>, 494 U.S. 370, 377-78 (1990). A juror in a capital case may be excused for cause if his or her ability to impose the death penalty is substantially impaired. <u>White v. Wheeler</u>, 136 S. Ct. 456, 460 (2015). A prospective juror's qualifications to serve are evaluated from the entire record. <u>Murray v. Delo</u>, 34 F.3d 1367, 1377 (8th Cir. 1994). A trial court's ruling on whether to strike a juror for cause is a factual finding entitled to deference. <u>White</u>, 136 S. Ct. at 460.

The Court's review of the record suggests no basis for the conclusion that the decision of the Missouri State Court is contrary to law or based on an unreasonable determination of the facts. To the extent Petitioner argues the Missouri Supreme Court relied heavily on Powell's questionnaire answers to the exclusion of considering Powell's statements during in-court voir dire. The Missouri Supreme Court decision belies this assertion in stating its review of the totality of Powell's voir dire answers. Although Powell stated his opinion that childhood experiences would generally not justify adult criminal conduct, in certain instances, childhood experiences might be worth considering in certain circumstances as a matter of weight. Powell expressly stated he was not unwilling to consider childhood experiences in certain circumstances. The Court thus finds the trial court's denial of the motion to strike for cause not contrary to established law and not an unreasonable application to the facts. Petitioner is not entitled to relief on this point.

For the reasons stated, Petitioner's request for § 2254 relief based on trial court error is denied.

E.      **Petitioner's prosecutorial misconduct claims, asserted in Ground 9, are procedurally defaulted and denied.**

Petitioner argues he is entitled to relief under § 2254 on grounds of prosecutorial misconduct. Petitioner asserts counsel for the State of Missouri violated Petitioner's constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments in at least five ways. First,

Petitioner argues the State improperly dissuaded Petitioner's mother and sister from testifying on his behalf during the penalty phase. Second, Petitioner argues the State presented impermissible victim impact evidence. Third, Petitioner argues the State improperly hindered the Defense's jury selection strategy relating to potential juror's capacity to tolerate violent imagery. Fourth, Petitioner argues the State misrepresented material facts during the trial about the relationship between Petitioner and Marsha Spicer. Fifth, Petitioner argues the State failed to preserve and disclose exculpatory evidence.

"As a general rule, prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render a petitioner's conviction a denial of due process." Stringer v. Hedgepeth, 280 F.3d 826, 829 (8th Cir. 2002) (citing Louisell v. Dir. of Iowa Dep't of Corrs., 178 F.3d 1019, 1023 (8th Cir. 1999). "A petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial – i.e., that absent the alleged impropriety the verdict probably would have been different." Id. (citing Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

### 1. Dissuading defense witnesses during penalty phase

Petitioner argues the State improperly referred to memoranda produced by Defense counsel in the State's contacts with Petitioner's mother, Billie Carol Spidle, and sister, Stephanie Woodward, in an improper effort to dissuade Spidle and Woodward from testifying on behalf of Petitioner during the penalty phase of the trial. In opposition, Respondent argues this claim is procedurally defaulted, and if it is not procedurally defaulted, then Petitioner's assertion of prosecutorial misconduct on this factual predicate is without merit.

By way of background, Petitioner argues Spidle and Woodward had agreed to testify on Petitioner's behalf for mitigation purposes during the penalty phase. Petitioner asserts Spidle and

Woodward were going to testify about Petitioner's history as a victim of childhood sexual abuse. In connection with the preparation of mitigation evidence, the defense team wrote memoranda about their interactions with Spidle and Woodward. These memos included the defense's thoughts and impressions about the witnesses, including those that reflected negatively upon the witnesses.

With respect to Spidle and Woodward, mitigation specialist Carole Muller conducted witness interviews and prepared memos memorializing her impressions. The defense produced these memos to the State pursuant to Missouri Supreme Court Rule 25.05, and trial counsel failed to redact portions of these memos as work product. Petitioner argues the State gave Spidle and Woodward the memos containing the defense's negative impressions of them in an improper attempt to dissuade them from testifying on behalf of Petitioner. Petitioner argues, "[a]s the memos . . . revealed the witnesses' sensitivity to criticism and exposure of their personal lives, the prosecutor knew that disclosing them in full would devastate the witnesses just days before their intended testimony." (Doc. #24 at 162). Though Spidle and Woodward had previously agreed to testify during the penalty phase, neither testified as part of the mitigation presentation.

Petitioner concedes this claim of prosecutorial misconduct is procedurally defaulted because these facts were not raised as a basis for relief on direct appeal or during Petitioner's post-conviction proceedings. Petitioner asserts, however, that this claim is properly before this Court based on the miscarriage of justice exception to the procedural default rule, in reliance on Schlup v. Delo, 513 U.S. 298 (1995).

The "fundamental miscarriage of justice exception is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Herrera v. Collins, 506 U.S. 390, 404-05 (1993)). Schlup addresses "the actual innocence" gateway to federal habeas

review, in which "a convincing showing of actual innocence enabled habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims." Id. (citing Schlup, 513 U.S. at 386. To trigger the miscarriage of justice exception to procedural default, the petitioner must establish: (1) constitutional error with new reliable evidence not available at trial; and (2) "that it is more likely than not that no reasonable juror would convict him in light of the new evidence." Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).

In support of Petitioner's assertion that the Court should consider this claim of prosecutorial misconduct on the merits based on the miscarriage of justice exception to procedural default, Petitioner argues that during the penalty phase presentation of mitigation evidence, the defense learned the State had shown Spidle and Woodward the memos that contained unflattering observations. Even assuming, without deciding, that prosecutorial misconduct is present under the circumstances set forth, Petitioner cannot demonstrate that his evidence is new; to the contrary, Petitioner argues the defense learned about these circumstances during the penalty phase of the trial. Kidd. v. Norman, 651 F.3d 947, 953 (8th Cir. 2011) (citing Amrine, 238 F.3d at 953 (new evidence is that which was not presented at trial, is reliable, and was not available at trial through the exercise of due diligence)). Moreover, the miscarriage of justice exception to procedural default "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." McQuiggin, 568 U.S. at 395. Petitioner does not assert his actual innocence, but rather argues but for the State's interference with the defense's penalty phase witnesses, the jury would not have recommended the death penalty. The Court declines to expand the application the miscarriage of justice exception under the circumstances of this case. Because Petitioner concedes procedural default, and the Court

has concluded an exception does not apply, there is no need for a hearing, this claim is procedurally defaulted, and the Court may not consider this claim on its merits.

### 2. Impermissible victim impact evidence

Petitioner asserts constitutional error based on the State's presentation of improper victim impact evidence during the penalty phase of Petitioner's trial. Respondent counters this assertion of prosecutorial misconduct is procedurally defaulted, and even if it is not, Petitioner is not entitled to relief on the merits.

The State presented testimony of four witnesses in support of its aggravation presentation during the penalty phase of Petitioner's trial. Petitioner argues the testimony of Tammy Butler[11] and of Mickey Bryant[12] was improper victim impact evidence, and the State engaged in misconduct by presenting these witnesses as part of its aggravation presentation during the penalty phase.

In support of this argument, Petitioner relies on <u>Payne v. Tennessee</u>, 501 U.S. 808, 827 (1991). "Where the State imposes the death penalty for a particular crime, [the Supreme Court] has held that the Eighth Amendment imposes special limitations upon that process." <u>Payne v. Tennessee</u>, 501 U.S. 808, 824 (1991). However, "[s]tates enjoy their traditional latitude to prescribe the method by which those who commit murder shall be punished." <u>Id.</u> (citing <u>Blystone v. Pennsylvania</u>, 494 U.S. 299, 309 (1990). "Victim impact evidence is simply another form or method of informing the sentencing authority about the specific harm caused by the crime in question, evidence of a general type long considered by sentencing authorities." <u>Payne</u>, 501 U.S. at 825. "In the event that evidence is introduced that is so unduly prejudicial that it renders the trial

---

[11] Butler is the victim in Petitioner's 1987 conviction for rape.
[12] Bryant is the father of the five-year-old victim that Petitioner allegedly sexually abused after Spicer's murder but before Petitioner was arrested in connection with the murder.

fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief." Id. (citing Darden v. Wainwright, 477 U.S. 168, 179-183 (1986)).

"Under the aegis of the Eighth Amendment, [the Supreme Court] has given the broadest latitude to the defendant to introduce relevant mitigating evidence reflecting on his individual personality, and the defendant's attorney may argue that evidence to the jury." Id. at 826. "[T]hus . . . if the State chooses to permit the admission of victim impact evidence and prosecutorial argument on that subject, the Eighth Amendment erects no per se bar. A State may legitimately conclude that evidence about the victim and about the impact of the murder on the victim's family is relevant to the jury's decision as to whether or not the death penalty should be imposed." Id. at 827.

At root, Petitioner argues Butler and Bryant's testimony was improperly presented because it did not relate to the crime for which Petitioner was on trial. In support of this argument, Petitioner argues the trial court granted the defense's motions to exclude the victim impact statements of both Bryant and Butler on the basis that Payne limits victim impact evidence to that which relates to the crime for which the defendant is on trial. Despite this ruling, however, trial counsel did not object to the testimonies of Butler and Bryant during the penalty phase, and the State improperly elicited testimony from these witnesses that went beyond proper victim impact evidence.

Petitioner concedes this claim of prosecutorial misconduct is procedurally defaulted because these facts were not raised as a basis for relief on direct appeal or during Petitioner's post-conviction proceedings. Petitioner asserts, however, that this claim is properly before this Court under Martinez because Petitioner also argues ineffective assistance of counsel relative to the testimony of Butler and Bryant.

*Martinez* provides an exception to procedural default that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding . . . counsel . . . was ineffective." 566 U.S. at 17. Respondent argues this claim is procedurally defaulted, and even if the *Martinez* exception might apply if PCR counsel was ineffective, Petitioner's assertion that trial counsel was ineffective for failing to object to the testimony of Butler and Bryant is not a substantial claim.

To overcome procedural default under *Martinez*, a petitioner must demonstrate: (1) PCR counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984); and (2) "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the petitioner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14.

The Court thus considers whether Petitioner's assertion that trial counsel was ineffective for failing to object to Butler and Bryant's testimony is a substantial one. Under *Strickland*, the movant must establish: (1) trial counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant. *Kemp v. Kelley*, 924 F.3d 489, 500 (8th Cir. 2019) (citing *Strickland*, 466 U.S. at 687).

Petitioner asserts deficiency based on trial counsel's failure to object to the testimony of Butler and/or Bryant, and/or the State's elicitation of improper victim impact evidence. Respondent argues Butler's testimony was not offered as victim impact evidence, but rather evidence in support of an aggravating factor. Respondent argues, alternatively, if Butler's testimony was victim impact evidence, it was not improper under *Payne* because it did not render the sentencing process fundamentally unfair.

"In general, at penalty phase the State and defense may introduce any evidence regarding the defendant's character." State v. Parker, 886 S.W.2d 908, 924 (Mo. 1994) (citing Missouri v. Six, 805 S.W.2d 159, 166-67 (Mo. 1991), cert. denied, 502 U.S. 871, 112 S. Ct. 206, 116 L.Ed.2d 165 (1991))). "[E]vidence detailing the circumstances of prior convictions submitted as nonstatutory aggravating factors is admissible at the penalty phase." Parker, 886 S.W.2d at 924 (citing Missouri v. Debler, 856 S.W.2d 641, 656 (Mo. 1993)).

With respect to Butler's testimony, Petitioner cannot establish PCR counsel's deficient performance because trial counsel objected to Butler's testimony, but the trial court overruled the objection finding Butler's testimony admissible as proper aggravator evidence. Because Butler's testimony was admissible for this purpose, trial counsel was not deficient in the objection to Butler's testimony. Because trial counsel's representation did not fall below an objective standard of reasonableness, PCR counsel could not show ineffective assistance of trial counsel, and in turn was not ineffective. This claim is procedurally defaulted relative to Butler's testimony because the circumstances of a prior conviction is properly admissible.

The issue of Bryant's testimony is somewhat less straightforward because Petitioner's assault of Bryant's five-year-old daughter, in contrast with Petitioner's rape conviction in which Butler was the victim, is not the factual predicate for a prior conviction. However, Bryant's testimony relates to the circumstances after Spicer's murder, but before Petitioner was arrested in connection with the charge for which he was on trial. Notwithstanding, in light of the general premises that evidence of the defendant's character is relevant during the penalty phase, Petitioner's conduct immediately after the crime for which he was on trial is properly considered. Consequently, trial counsel's failure to successfully object to Bryant's testimony does not fall below an objective standard of reasonableness, and PCR counsel's failure to raise a claim of

ineffective assistance based on trial counsel's failure to object in this instance was not deficient. Therefore, the Martinez exception does not apply, no hearing is necessary, and Petitioner's claim based on the testimonies of Butler and Bryant during the penalty phase is procedurally defaulted.

### 3. Impeding counsel's ability to inquire about tolerance for graphic images

Petitioner argues he is entitled to relief based on prosecutorial misconduct because counsel for the State objected to defense counsel's attempts to ask potential jurors about their respective abilities to tolerate graphic and violent depictions. Petitioner asserts counsel for the State rendered Petitioner's trial fundamentally unfair by obstructing defense counsel's attempts to exclude jurors "whose reactions to the evidence in this case would be so extreme as to prevent fair deliberation." (Doc. #24 at 166). In opposition, Respondent argues this claim is procedurally defaulted, and even if default could be excused under Martinez, which it cannot, the claim lacks merit.

Petitioner concedes this issue has been procedurally defaulted, but argues Martinez applies to excuse Petitioner's failure to present this claim previously. To establish that Martinez applies, Petitioner must show PCR was ineffective for failing to include this claim because trial counsel was ineffective for failing to object, in this instance, to counsel for the State's cumulative and graphic evidence against Petitioner.

This claim of prosecutorial misconduct is based on the State's objections during voir dire, and the State's presentation of photographic and video evidence. For purposes of the application of Martinez, PCR counsel may be ineffective only if trial counsel is ineffective as set forth in Strickland. Even assuming, without deciding, that trial counsel was ineffective for failing to object to cumulative evidence, Petitioner cannot, based on the record, establish prejudice such that PCR counsel could be considered ineffective for failing to raise this claim to the state court. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that,

absent the errors, the factfinder would have had a reasonable doubt respecting guilt." <u>Shelton v. Mapes</u>, 821 F.3d 941, 948 (8th Cir. 2016). In the context of Petitioner's claim, to establish prejudice, Petitioner would have to show a reasonable probability that, but for counsel for the State's objections presentation of cumulative evidence, defense counsel would have been able to work toward a jury unaffected by the graphic evidence in this case. Petitioner has not made such a showing or pointed to any case law suggesting how this showing might be made. The Court thus concludes <u>Martinez</u> does not apply to excuse procedural default, no hearing is necessary, and the Court may not consider this claim on its merits.

### 4.    Misrepresentation of facts about victim

Petitioner asserts violation of due process based on the State's statements and suggestions about Spicer during the trial, which Petitioner argues misled the court and the jury by mischaracterizing material circumstances of the murder victim's life. Respondent counters this claim is procedurally defaulted, and meritless.

Petitioner concedes this claim is procedurally defaulted, but argues this claim is properly before the Court based on the miscarriage of justice exception in <u>Schlup</u>. To excuse procedural default based on a miscarriage of justice, the petitioner must demonstrate both of the following: (1) constitutional error based on new and reliable evidence; and (2) that it is more likely than not that, in light of the new evidence, the defendant would not be convicted. <u>Amrine</u>, 238 F.3d at 1029. Petitioner does not point to any evidence, not otherwise available at the time of trial, demonstrating a constitutional error. Therefore, the miscarriage of justice exception to procedural default does not apply. Moreover, even if the Court could properly consider the merits of this claim, the statements identified are not, in light of the record, so egregious as render the trial fundamentally unfair. <u>Moore v. Wyrick</u>, 760 F.2d 884, 886 (8th Cir. 1985).

### 5.    Police recordings

Petitioner argues his trial was rendered fundamentally unfair by prosecutorial misconduct relating to recordings of communications between Petitioner and police between May 15, 2016 and May 30, 2016, when counsel was appointed to represent Petitioner. In opposition, Respondent argues this claim is procedurally defaulted, and in the event this Court considers the claim on its merits, the state court findings are entitled to deference.

Under <u>Brady v. Maryland</u>, a prosecutor may not withhold evidence that is favorable to a criminal defendant, whether that evidence is exculpatory or impeachment evidence. 373 U.S. 83, 87 (1963). Regardless of the prosecutor's intent, failing to produce favorable evidence "violates due process where the evidence is material . . . ." <u>Id.</u> Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985). To establish a <u>Brady</u> violation, a petitioner must demonstrate the following: (1) the prosecution suppressed evidence; (2) the suppressed evidence was material and favorable to the defense; and (3) prejudice. <u>Collier v. Norris</u>, 485 F.3d 415, 422 (8th Cir. 2007) (citing <u>United States v. Haskell</u>, 468 F.3d 1064, 1075 (8th Cir. 2006)). The prejudice element is established if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>Id.</u> (quoting <u>Kyles v. Whitley</u>, 514 U.S. 419, 433 (1995)). This reference to "reasonable probability" "does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal, but is satisfied when the suppression undermines confidence in the outcome of the trial." <u>Id.</u>

Petitioner concedes this claim is procedurally defaulted because PCR counsel failed to plead sufficient facts to support Petitioner's <u>Brady</u> claim. However, Petitioner asserts this Court

should consider Petitioner's <u>Brady</u> claim on its merits because the State's failure to disclose and preserve the original evidence prevented Petitioner from avoiding procedural default by fully litigating this claim at the state level; therefore, the miscarriage of justice exception applies to excuse procedural default. Respondent argues the conceded procedural default cannot be excused, especially because Petitioner's <u>Brady</u> claim was not raised in Petitioner's appeal of the ruling on Petitioner's PCR motion. Further, Respondent asserts that even if this Court could excuse the procedural default of this claim, the State court's ruling on Petitioner's <u>Brady</u> claim is entitled to deference.

As discussed, the miscarriage of justice exception to procedural default requires Petitioner to demonstrate the existence of a constitutional error based on new evidence and a likelihood that but for the error demonstrated by the new evidence, the outcome would have been different. <u>Amrine</u>, 238 F.3d at 1029. Petitioner points to no new or different evidence suggesting the State mishandled or withheld the recordings sought; the evidentiary landscape with respect to the recordings allegedly made and recorded over or withheld remains the same as that presented to the PCR court that rejected the <u>Brady</u> claim as too conclusory in nature and lacking in specific facts. The Court thus finds the miscarriage of justice exception is not triggered by the circumstances presented and this claim is procedurally defaulted. Moreover, Missouri Supreme Court Rule 29.15 precludes a PCR court from extrapolating from conclusory assertions, such that this Court may not properly consider this claim that the state court has not had a full opportunity to consider. <u>Jones v. Missouri</u>, 197 S.W.3d 227, 231 (Mo. Ct. App. 2006). To the extent Petitioner alleges PCR counsel was ineffective for failing to comply with state procedural rules, <u>Martinez</u> applies to excuse procedural default only in instances of substantial ineffective assistance trial counsel. <u>Dansby v. Hobbs</u>, 766 F.3d 809, 833 (8th Cir. 2014).

For the reasons set forth, Petitioner's claims for relief based on prosecutorial misconduct are procedurally defaulted, and this Court may not consider them on their merits, and/or assess any cumulative error resulting from any alleged misconduct. Accordingly, the Court denies Petitioner's Ground IX seeking § 2254 relief asserting constitutional error due to prosecutorial misconduct.

**F.     A certificate of appealability is denied.**

A district court may issue a certificate of appealability if a § 2254 claimant has made a substantial showing of a constitutional right. 28 U.S.C. § 2253(c)(2). A substantial showing is one that presents issues that are debatable among reasonable jurists. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Because no such issue is presented here, the Court declines to issue a certificate of appealability. Accordingly, it is hereby

ORDERED the Petition for Writ of Habeas Corpus (Doc. #21), Amended Petition for Writ of Habeas Corpus (Doc. #24), and Supplemental Petition for Writ of Habeas Corpus (Doc. #42) are DENIED. It is further

ORDERED Petitioner's motion for discovery (Doc. #62) is DENIED AS MOOT.

IT IS SO ORDERED.


DATE: <u>August 30, 2019</u>               <u>/s/ Brian C. Wimes               </u>
                                            JUDGE BRIAN C. WIMES
                                            UNITED STATES DISTRICT COURT